ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
Email: ariel.stern@akerman.com
Email: jamie.combs@akerman.com

*Attorneys for plaintiff Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br><br>vs.<br><br>LAKE MEAD COURT HOMEOWNERS ASSOCIATION; LAS VEGAS EQUITY GROUP, LLC; ALESSI & KOENIG, LLC,<br><br>Defendants. | Case No.: 2:16-cv-0392-RFB-GWF<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER RE: BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 51]** |

Plaintiff Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (**BANA**)'s motion for partial summary judgment, ECF No. 51, came on for hearing on July 30, 2019. For the reasons stated on the record, the court granted BANA's motion and found defendant Lake Mead Court Homeowners Association's foreclosure sale did not extinguish BANA's deed of trust. The court also makes the following findings of fact and conclusions of law supporting its decision to grant BANA's motion for partial summary judgment, ECF No. 51:

The court finds the following facts are undisputed:

1.   Juan L. Olivares obtained a $163,082 loan from Venta Realty Group d/b/a Venta

1

Home Loans in 2008.

2. Mr. Olivares secured the loan with a deed of trust recorded against the property located at 6448 Elwood Mead Avenue #103, Las Vegas, Nevada 89156, dated August 8, 2008 and recorded with the Clark County Recorder on August 14, 2008, as Instrument No. 20080814-0002323 (the **deed of trust**), more fully described as:

PARCEL I:

Unit 103 in Module 23 of Final; Map of LAKE MEAD COURT, as shown by Map thereof on file in book 128 of Plats, Page 49, in the office of the County Recorder of Clark County, Nevada.

Together with associated Garage Unit, as set forth in that certain Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for LAKE MEAD COURT recorded March 3, 2006 in Book 20060303 as Document No. 0001473, Official Records.

PARCEL II:

The exclusive right of use, possession and occupancy of those portions of the above-referenced Plat as designated as exclusive use areas and limited Common Elements, including, but not limited to, Yard Component, as defined in and subject to the Declaration, which are appurtenant to Parcel 1 described above.

PARCEL III:

A non-exclusive easement of ingress, egress and enjoyment in, to and over the Association Property, including, but not limited to, "Private Streets", and "Common Elements", subject to and as set forth in that certain Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for LAKE MEAD COURT, recorded March 3, 2006 in Book 20060303 as Document No. 0001473, Official Records.

APN: 140-22-618-069

(the **property**).

3. The deed of trust was assigned to BANA in 2011.

4. Lake Mead, through defendant Alessi & Koenig, LLC, recorded a notice of delinquent assessment lien against the property in April 2009.

5. Lake Mead, through Alessi, recorded a notice of default and election to sell against the property in June 2009.

6. Lake Mead, through Alessi, recorded a notice of trustee's sale against the property in

2

January 2010.

7. Former counsel for BAC Home Loans Servicing, LP (**BAC**), Miles, Bauer, Bergstrom & Winters, LLP sent Lake Mead's agent, Alessi, a letter dated February 9, 2010 requesting Lake Mead provide the superpriority amount and offering to pay "that sum upon presentation of adequate proof of the same[.]"

8. Alessi provided a statement of account dated March 14, 2010 in response, which included a Lake Mead ledger. The ledger reflected Mr. Olivares owed $112 monthly assessments for the months of June through December 2009 and $122 monthly assessments for the months of January through March 2010, and did not reflect he owed any maintenance or nuisance abatement charges under NRS 116.310312.

9. The lack of maintenance and nuisance abatement charges is consistent with Lake Mead's testimony. When asked whether it "was . . . collecting on any maintenance or nuisance abatement charges during the [foreclosure] process," its Rule 30(b)(6) witness testified, "Not to my knowledge."

10. Based on the ledger Alessi provided, BAC calculated the superpriority amount to be $1,098 (nine monthly assessments at the higher $122 assessment amount listed on the ledger) and, through Miles Bauer, tendered that amount to Lake Mead, through Alessi, in April 2010.

11. Alessi received but rejected the tender.

12. After rejecting BAC's tender, Lake Mead, through Alessi, recorded a second notice of trustee's sale against the property in December 2010, a third notice of trustee's sale against the property in August 2012, and a fourth notice of trustee's sale in July 2013.

13. The foreclosure sale occurred in July 2013. Defendant Las Vegas Equity Group, LLC (**LVEG**) purchased the property at the sale.

Based on the forgoing findings of fact, the court concludes as follows:

1. Under *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) and *Bank of America, N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620 (9th Cir. 2019), BAC tendered the correct amount to satisfy Lake Mead's superpriority lien.

2. Because BAC's tender extinguished Lake Mead's superpriority lien, LVEG acquired

3

the property subject to the deed of trust.

NOW, THEREFORE, for the reasons stated on the record, and based on the foregoing findings of fact and conclusions of law, it is HEREBY ORDERED:

1. BANA's motion for partial summary judgment, ECF No. 51, is granted. LVEG purchased the property subject to BANA's deed of trust, and the deed of trust remains a valid lien on the property;

2. The clerk entered judgment in favor of BANA on its first cause of action for quiet title/declaratory relief on August 1, 2019;

3. All claims other than BANA's first cause of action for quiet title/declaratory relief are dismissed as moot; and

4. Any lis pendens recorded against the property pertaining to this case is expunged.

5. The clerk shall close this case.

**SO ORDERED**, this  13th of August, 2019.

The Honorable Richard F. Boulware, II
United States District Judge

**SUBMITTED BY:**

This the 9th day of August, 2019.

*/s/ Jamie K. Combs, Esq.*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
Akerman LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 635-5000
Facsimile: (702) 380-8572

*Attorneys for plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP*